The argument is 17-1-0-0-6 Brown v. Shulkin This case deals with an interpretation of when the time period for filing an each application commences. I don't believe there's any... I'll start off by asking you, Mr. Carpenter, I mean, there are a lot of interesting meeting issues that are swirling around in this case, but tell me why the case doesn't begin and end with the fact that your client was told, notice to show cause, why you were untimely. He had the opportunity to make all of these arguments and more, and he never responded. Why isn't that the beginning of the end of this case without having to decide all of the very meeting legal issues that both of you have briefed? Well, I would suggest, Your Honor, it's because of the nature of the order that was issued. And the order in this case was a dismissal on jurisdictional grounds, that the filing of the application was not timely. And therefore, whether there was or was not a response to the show cause order does not vitiate the fact that... And you're making an argument now that could not have been made at that time. So this is a new argument. We can't hear this new argument. What can you even present today that you haven't waived by failure to show, respond to the order of show cause? The decision to dismiss was relied upon by the Veterans Court, an interpretation of the filing was untimely, which necessarily goes to the question of law as to whether or not judgment was ever entered in this case. And why would not have been the argument you could have or should have made in responding to the notice to show cause? The only explanation I can offer for that is that the same reason that the application was not filed within 30 days of the mandate was because the counsel representing below simply did not understand the law and the rules of the court below, and therefore was not in a position to be able to present a response to the show cause order. If the response to the show cause order is a predicate to consideration by this court, then obviously this court doesn't have to consider any of the arguments that... Does counsel below understand what it means to show cause? Well, I believe I do, Your Honor, but I'm not sure counsel below understood that. Could that be a good argument to be made before us? That counsel below did not understand something as fundamental and basic as what it takes to respond to an order to show cause? And my response to that is twofold. One, the nature of the proceeding, that it is a veterans proceeding, and second, that it is an EJIA proceeding, and it's a proceeding under the EJIA statute that is intended to be remedial. The clear intent of Congress in creating EJIA was to compensate the appellant. That argument would have some legs if there had been some response, but there was no response. And I can only deal with the situation that I was presented with, Your Honor, and if that's the view of this court, then I will simply not waste the court's time by going into the arguments. I fully appreciate that and understood that at the time in which this was filed, that that was a substantial risk because there was no response to the show cause order. But that is what counsel did to the detriment of his client, and this should be about Mr. Brown, not about any negligence or ill-attention by his counsel. But that's not what this case is about or what you've been arguing in this case. This case, we can't morph it at this stage into being all about whether or not this guy had adequate representation and whether his remedy is to seek a malpractice suit or to get recovery here. So I appreciate and respect what you're saying. It's just not for us to handle in these circumstances. In addition to that, counsel, I mean, look, we're arguing, one, about attorney's fees, not arguing about the veteran's rights, the preservation of those rights. We're arguing about attorney's fees, and this argument just, I'm surprised that it's before us. Well, Your Honor, it has to do with the veteran's right to those benefits. The law is clear. I personally think the law is incorrect, that this should be about the attorney and his fees, but the law clearly says that EJIA is the property of the veteran. And so long as that's the law, it seems to me that it is appropriate to bring to the court's attention when there was an error committed below. Can I ask you just as a side question? We just don't get that many EJIA cases, and maybe I knew this once and I've just forgotten, but the posture of this case is it was sent back for the joint remand, and they were going to reevaluate it. Firstly, what is the status of that? As far as I know, nothing has been done. Well, unfortunately, that doesn't surprise me. But let's assume it goes back and the we're talking about a retroactive date for PTSD, right? Can you not, I mean, presumably there would be a potential recovery for EJIA fees for that as well? No, there would not, Your Honor, because that's at the administrative level. Those fees on remand... Okay, so let's say he loses there, and then you appeal it to the whatever, and you prevail there. Would you not be able to go back and recover attorney's fees for the entire proceeding at that stage, or would you be foreclosed from proceedings leading to the remand? As far as I am aware, Your Honor, I don't know of any case in which that has happened. I like the theory, and will make a note to pursue it. I would be not so presumptuous, Your Honor, but as far as I know, that's never been attempted, but there's a case below... EJIA, you get fees for each separate stage. That's just the way it operates. Well, there's a case below called Cleary, and in the Cleary case, the court said once they relinquish jurisdiction, that's the end of the matter, and that closes the matter, and there will not be recovery for EJIA under the Equal Access to Justice Act for the work performed on remand. So the only benefit potentially would be the award of past due benefits, which I believe in this case takes out the counsel that was represented at court, that the counsel represented at court is not representing below. I apologize for taking up the court's time. I will not then proceed to the merits of the case. Thank you. May it please the court. There are, as Chief Judge Crouse pointed out, there are some weighty issues here, but as counsel has just said, he feels that the waiver or the failure to respond to the order to show cause is dispositive. We've addressed that in our brief. We would agree unless the court... Well, he doesn't... That's not his position. That's how he perceives... What he perceives to be our position. Fair. Well, then I will say we've addressed that in our brief. In case that is not the court's position, let me turn to those weighty questions. One question. I mean, and then I will... Why don't we just focus on waiver? Why is it waived? Well, it would be waived for two reasons. First, because the order below very specifically says we're dismissing because you did not respond to the order to show cause. That is the last substantive line of the order. And then secondly, as Judge Reyna pointed out, the argument, specific argument being made here wasn't raised below, so it would be waived on that level. Because these arguments, therefore, are not properly before the court and because the court below was correct to dismiss based on failure to respond to an order to show cause, we think the correct result here is to affirm. Thank you. Thank you. Thank both parties and the cases submitted.